E-FILED
Wednesday, 25 April, 2018  03:27:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| THERESA BEST | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number: |
| | ) | |
| OWNERS INSURANCE COMPANY, | ) | TRIAL BY JURY DEMANDED |
| an Ohio Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Come now Plaintiff THERESA BEST, by and through her attorneys, Jay H. Janssen and Patrick S. O'Shaughnessy, of THE JANSSEN LAW CENTER, and for a cause of action against Defendant OWNERS INSURANCE COMPANY, an Ohio Corporation, state and allege as follows:

### THE PARTIES

1.      Plaintiff THERESA BEST is a citizen of the State of Illinois, residing in Peoria, Illinois.

2.      Defendant OWNERS INSURANCE COMPANY is an Ohio Corporation with its principle place of business in Lansing, Michigan.  Owners is a citizen of Ohio and Michigan.

### JURISDICTION/VENUE

3.      The amount in controversy exceeds seventy-five thousand dollars (>$75,000.00), exclusive of costs and interest, and diversity jurisdiction exists pursuant to 28 U.S.C. §1332.

4.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the events and/or omissions giving rise to this claim occurred within the Central District of Illinois.

5.      Assignment of this case in Peoria is proper pursuant to Local Rule 40.1 in that the events and/or omissions giving rise to this claim occurred within Peoria, Illinois.

COUNT ONE

6.      Plaintiff Theresa Best seeks damages based on the Defendant Owners Insurance Company's breach of contract to provide underinsured motorist coverage payment through settlement or arbitration on Theresa Best's injury claim arising from a September 1, 2016 automobile collision.  Plaintiff seeks, as actual damages, benefits to which she is due under the policy.

7.      Owners Insurance Company issued an auto policy, policy number 48-307-639-00, effective August 1, 2016 to February 1, 2017 to Martin and Theresa Best.  The liability and underinsured coverage limits on this policy are $500,000. A copy of this policy is attached to the Complaint as Exhibit "A".

8.      This policy provides that underinsured motorist coverage exists and that "**We** will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an **underinsured automobile** because of **bodily injury** sustained by an injured person while **occupying** an **automobile** that is covered by **Section II – LIABILITY COVERAGE** of the policy.  See Exhibit A at page 26.

9.      On or about September 1, 2016, while the insurance was in full force and effect, Theresa Best was involved in a motor vehicle collision with Frank Carrillo at the intersection of Knoxville and Glen in Peoria, Illinois.

10.     At the time of the collision, Theresa Best was operating her vehicle, a 2015 Lexus RX350, which is a covered automobile under the Defendant Owners policy.

11.     At the time of the collision, Frank Carrillo was operating a vehicle and failed to stop at a red traffic signal and struck Theresa Best's vehicle, causing it to roll over.

12.     Theresa Best was injured by the collision with Frank Carrillo including suffering a severe concussion, and a closed head injury resulting in a traumatic brain injury.

13.     As a further result of her injuries, Theresa Best endured and will endure pain and mental suffering, has and will suffer disability, and was and will be liable to pay medical bills for the treatment of her injuries.

14.     The insurance policy covering Frank Carrillo was issued by a company called The General in the amount of $25,000.00 per person.

15.     On May 3, 2017, Plaintiff's counsel notified Defendant Owners by letter that the liability policy covering Frank Carrillo was in the amount of $25,000/$50,000 and that "This is a significant underinsured claim with only $500,000 in coverage with clear liability and brain damage with regard to Theresa Best."

16.     On August 10, 2017 Plaintiff provided a copy of all medical bills and records incurred to date to Defendant Owners on the underinsured claim; demanded arbitration of the underinsured motorist claim; and named her arbitrator, attorney Christopher Doscotch of Peoria, Illinois.

17.     On August 16, 2017, Defendant Owners through Tony Mueller of the Peoria Claims office indicated by letter to Plaintiff that Auto-Owners does not agree to arbitration.  The correspondence from Mueller indicated that "Section VI – General Conditions" of the insurance policy states that the matter of underinsured compensatory damages "may be arbitrated provided both we and the injured person agree to arbitration."

18.     On February 9, 2018 Plaintiff's counsel corresponded to Tony Mueller at Defendant Owners and provided the updated medical information regarding Theresa Best that she had sustained a closed head injury resulting in a traumatic brain injury which is permanent in nature.  The correspondence concludes by requesting to know if the case can be settled for the UIM policy limits of $500,000, and if not, to direct the Plaintiff as to the procedure they would prefer to resolve the claim pursuant to the Auto Owners policy of underinsured motorist coverage.

19.     On February 27, 2018, Defendant Owners through Tony Mueller, wrote back to Plaintiff's counsel extending an offer to settle for $15,000.

20.     On March 6, 2018, Plaintiff's counsel responded to the written offer with correspondence that reminded Defendant Owners that Plaintiff has previously named an arbitrator; acknowledged that Defendant Owner's policy contains the alternative to refuse arbitration; rejected the offer of $15,000; and sought a final decision as to whether Owners will arbitrate the claim or refuse to arbitrate the claim, which would then place the case into litigation. Plaintiff's counsel also requested confirmation that Defendant's offer of $15,000 was the end of negotiations.

21.     On March 8, 2018, Defendant Owners, through Tony Mueller, responded via email to Plaintiff that an offer of $15,000 was made and that at this time the case is not settled. The communication did not directly address any of the other inquiries of the March 6 letter to Defendant.

22.     On March 15, 2018, in response to a phone communication from Plaintiff's counsel, Defendant Owners corresponded with a letter which again states that they have made a $15,000 offer and that they will not be able to approach the $500,000 demand made.

4

23.     At all times relevant hereto, Plaintiff has performed her obligations under the insurance policy.

24.     The Defendant has refused arbitrate the underinsured motorist claim; has made an offer which has not changed, and has expressly rejected being able to meet the policy limits demand of the Plaintiff.

25.     In refusing to pay Plaintiff's claim for her damages under the policy, and refusing to arbitrate, the defendant has breached the terms of the agreement under the policy, and gives the Plaintiff no other option but to pursue the damages due under this contract in a court of law.

WHEREFORE, Plaintiff THERESA BEST prays that this Court enter a judgment against Defendant OWNERS INSURANCE COMPANY in the amount of $500,000 and any other relief deemed just and proper.

## COUNT TWO

26.     In In Count Two, Plaintiff seeks recovery of statutory damages fees under 215 ILCS5/155 based upon Defendant's unreasonable and vexatious refusal and delay in resolving the claim.

27-45.  Plaintiff repeats and realleges as Paragraphs Twenty-Seven through Forty-Five, Paragraphs Six through Twenty-Four from Count One of the Complaint.

46.     Pursuant to 215 ILCS 5/155 (2010), the actions of Owners Insurance constitute a vexatious and unreasonable delay in the settlement of the underinsured motorist claim in that, when faced with a policy limits demand, it has made a single, small offer of settlement.  With the parties at an impasse on the value of the claim, Defendant steadfastly refuses to arbitrate the claim.

47.     The combination of the small offer and the refusal to arbitrate constitutes a coercive practice designed to compel compromise of the claim and has resulted in a delay in resolving the claim.

WHEREFORE, Defendant/Counter-Plaintiff AMANDA DYER prays that this court enter judgment in her favor for the underinsured motorists coverage, plus attorney's fees and the further relief outlined in 215 ILCS 5/155(1)(a)-(c) (2012).

Respectfully Submitted
THERESA BEST,

By:   s/ JAY H. JANSSEN
      Jay H. Janssen

Jay H. Janssen (Lead Counsel) - Bar No. 1325957
Patrick S. O'Shaughnessy - Bar No. 6237800
The Janssen Law Center
333 Main Street
Peoria, IL 61602
309-676-2341 (phone)
309-676-7678 (fax)
Email: janssenj@jjlaw.com
Email: oshaughnp@jjlaw.com