IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| THERESA BEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-1167 |
| | ) | |
| OWNERS INSURANCE COMPANY, | ) | |
| an Ohio Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff Theresa Best's Objection/Appeal of Magistrate Judge's Order Regarding Discovery Dispute Pursuant to Fed. R. Civ. P. 72(a) ("Appeal") (Doc. 51). For the reasons stated below, the Court DENIES Plaintiff's Appeal.

## PROCEDURAL HISTORY

On April 25, 2018, Plaintiff filed a Complaint against her insurer, Owners Insurance Company ("Defendant"), stemming from an underinsured motorist ("UIM") claim. (Doc. 1). In Count I, she seeks damages for Defendant's alleged breach of contract to provide UIM coverage payment through settlement or arbitration for injuries she suffered in an automobile collision. *Id.* at 2. In Count II, she seeks statutory damages under section 155 of the Illinois Insurance Code, 215 ILCS 5/155, based on Defendant's alleged unreasonable and vexatious delay and refusal to resolve her claim. *Id.* at 5. Plaintiff alleges the combination of Defendant's insufficient settlement offer and the refusal to arbitrate the claim constitutes a coercive practice that delayed the resolution of her claim. *Id.* at 6.

On February 8, 2019, Plaintiff filed a Motion for Hearing Concerning Discovery Dispute (Doc. 34). The dispute involved Defendant's written discovery objections to Plaintiff's

1

interrogatories and requests for production. In her interrogatories, Plaintiff requested information regarding (1) the history of complaints filed against Defendant with the Illinois Department of Insurance, (2) lawsuits filed against Defendant, and (3) policies and procedures for handling, specifically, UIM claims and arbitrations. In her requests for production, she requested claims manuals and documents related to Defendant's election not to arbitrate, including materials from Plaintiff's claims file.

Following a hearing on February 22, 2019, Judge Hawley issued a written Minute Entry, ordering that the discovery Plaintiff requested related to Defendant's history of arbitrating other cases in Illinois is not relevant to Count II and is not discoverable. (Minute Entry 02/22/2019).

On March 8, 2019, Plaintiff filed an Objection/Appeal to Order of Magistrate Judge's Order Regarding Discovery Dispute Pursuant to Fed. R. Civ. P. 72(a) (Doc. 51), and an accompanying Memorandum (Doc. 39). On April 4, 2019, Defendant filed a Response (Doc. 46). This Order follows.

## **LEGAL STANDARD**

Plaintiff brings her Appeal of Judge Hawley's Order pursuant to Fed. R. Civ. P. 72(a), which provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Accordingly, Judge Hawley's ruling on this non-dispositive motion is subject to review by this Court under a clearly erroneous or contrary to law standard. *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996).

**DISCUSSION**

Section 155 provides an extracontractual remedy to policyholders when an insurer's action in handling a claim is vexatious and unreasonable. 215 ILCS 5/155; *Cramer v. Insurance Exchange Agency,* 675 N.E.2d 897, 900-02 (1996). This extracontractual remedy is intended to make suits by policyholders economically feasible and to punish insurance companies for misconduct. *Id.* at 901. The key question raised in a section 155 claim is whether the insurer's conduct was vexatious and unreasonable. *McGee v. State Farm Fire and Cas. Co.,* 734 N.E.2d 144 (Ill. App. Ct. 2000). In considering this question, a court must consider the totality of the circumstances, including the insurer's duties under the insurance contract, the insurer's attitude and motivation for denying or delaying payment of the claim, whether the insured was forced to sue to recover, and whether the insured was deprived of the use her property. *Id.* at 151.

Judge Hawley found Plaintiff's discovery requests are irrelevant because the contract between the parties contains a *voluntary* arbitration clause. Specifically, the Underinsured Motorist Coverage Automobile Policy states: "If **we** and a person entitled to Underinsured Motorist Coverage under this endorsement do not agree (b) to the amount of those damages the matter may be arbitrated provided both **we** and the injured person agree to arbitration." (Doc. 46-1, p. 3) (emphasis in original).

Plaintiff argues Judge Hawley's Order is "clearly erroneous and contrary to law" because her discovery requests are relevant to her claims, narrow in scope, and are not protected by privilege. (Doc. 51, p. 2). According to Plaintiff, Defendant's small settlement offer and the refusal to further negotiate or arbitrate the claim constitute a vexatious and unreasonable refusal to pay a claim in violation of section 155 of the Illinois Insurance Code. 215 ILCS 5/155. (Doc. 39, p. 3). Defendant disagrees that it failed to negotiate the claim and argues that it had the option, pursuant

to contract terms, to opt for litigation rather than arbitration to determine the value of damages. (Doc. 46, pp. 2-6).

**Interrogatories**

Plaintiff argues Interrogatories 7 and 8 are relevant because they seek information regarding the history of lawsuits and complaints filed against Defendant related to the alleged failure to settle or arbitrate UIM claims. (Doc. 39, p. 5). Interrogatories 7 and 8 state:

> 7. For the past five years, please identify any underinsured motorist claim in which any of Owners' Insurance insureds have made any claim with the Illinois Department of Insurance alleging improper claims practices regarding settlement negotiations or arbitration.
>
> 8. For the past five years, please identify any underinsured motorist claim in which Owners Insurance has been sued in Illinois state or federal court by any insured alleging that the insurer failed to settle or failed to arbitrate.

(Doc. 39-1, p. 1). Plaintiff states these requests are based on interrogatories that the Illinois Appellate Court upheld in *Zagorski v. Allstate Ins. Co.*, 54 N.E. 296 (Ill. App. Ct. 2016).

Plaintiff also argues Interrogatories 10, 11, and 12, which seek information on the policies and procedures for handling UIM claims and arbitrations in Illinois, are relevant. Interrogatories 10, 11, and 12 state:

> 10. Please identify the individuals in Owners Insurance, including title and function, who are responsible for determining, promulgating, and overseeing company policies and standard procedures for the administration, evaluation, determination, and payment of Illinois-based underinsured motorist claims by Owners Insurance.
>
> 11. Please identify every document containing statements of policy, policy guidelines, administrative bulletins, intercompany memoranda, or other document of any kind, promulgated by Owners Insurance and disseminated or distributed to its employees, relating to the standard, recommended, or expected procedures for the handling of underinsured motorist injury claim arbitration in Illinois.
>
> 12. Identify all training materials of any kind used by Owners Insurance in training adjusters, claims representatives, claims supervisors, or any other individual

involved in the claims-handling process of underinsured motorist injury claims within Owners Insurance.

(Doc. 39-1, p. 1). Plaintiff states the defendant in *Zagorski* was ordered to identify and produce its procedure manual, as well as other documents, that were in effect at the time of the plaintiff's loss. *Zagorski*, 54 N.E. at 299-300. Defendant argues Plaintiff's reliance on *Zagorski* is misplaced because the case involved an insurer that denied its insured's claims following an investigation. (Doc. 46, p. 10). The case at hand involves contractual language that gives Defendant the right to opt out of arbitration. This Court agrees with Defendant that *Zagorski* is inapplicable and finds that Judge Hawley's ruling was not clearly erroneous or contrary to law.

**Requests for Production**

Plaintiff also argues Requests for Production 5-8 are valid under Illinois law for section 155 cases. (Doc. 39, p. 6). The requests stated:

> 5. All documents reviewed or relied upon by Defendant in making the decision to refuse to agree to an arbitration of the underinsured motorist injury claim of Theresa Best.
>
> 6. Claim File. All documents, writings, and communications that were produced as a result of, or are related to, the decision to refuse to agree to participation in an underinsured motorist injury claim arbitration regarding Theresa Best's claim from the automobile collision on September 1, 2016.
>
> 7. Claim Manuals. All documents, writings, and communications that are used by claims personnel for reference, training, and guidelines for the adjusting of Defendants' underinsured motorists claims in the jurisdiction of Illinois. These items should include, but not be limited to, all claims manuals, all information and guidelines for the adjudication of underinsured motorists claims and all other resources used by Defendants' insurance personnel for the adjudication of underinsured motorists claims.
>
> 8. Claims Analysis: All documents, writings, and communications, and any drafts or revisions thereof, which contain explanations of the basis in the insurance policy, with respect to the facts of Theresa Bests' injury claim and the applicable law, for the decisions of Defendant to refuse to agree to arbitration of the claim.

(Doc. 39-1, p. 2). Plaintiff argues the claims file, manuals, and analysis are relevant to the reasonableness of Defendant's evaluation of her claim and are not protected by privilege. (Doc. 39, p. 6). Plaintiff relies on *O'Connor v. Country Mut. Ins. Co.*, 999 N.E. 2d 705 (Ill. App. Ct. 2013) and argues that the court held claims documents were discoverable. In *O'Connor*, the insured sued her automobile insurer for allegedly unreasonably and vexatiously failing to settle her UIM claim in violation of section 155. When the parties failed to reach an agreement on a settlement amount under the UIM provisions, the claim proceeded to arbitration as required by the policy. The arbitrators entered an award that was substantially more than what Country Mutual had offered the plaintiff to settle the claim. The plaintiff filed suit alleging that Country Mutual violated section 155.

The case at hand is distinguishable from *O'Connor* because, as Judge Hawley noted during the hearing, the arbitration clause in Plaintiff's policy is voluntary. Judge Hawley stated:

> I don't see how it is relevant. It is a voluntary arbitration clause. The parties contracted for the ability not to arbitrate. So I don't see how any of these requests as to a history of whether or not the defendant arbitrates or not exercises its rights under the contract has any relevance to this case as it relates to whether they exercise that right in other cases.

This Court find that Judge Hawley's Order was not clearly erroneous or contrary to the law. The claims file, manual, and analysis are irrelevant because the decision not to engage in arbitration was voluntary. This Court also concludes that discovery as it relates to Defendant's election to arbitrate other cases in Illinois is not relevant to Count II and is not discoverable. Therefore, Plaintiff's Objection/Appeal of Magistrate Judge's Order Regarding Discovery Dispute Pursuant to Fed. R. Civ. P. 72(a) is DENIED.

## **CONCLUSION**

Plaintiff's Objection/Appeal of Magistrate Judge's Order Regarding Discovery Dispute Pursuant to Fed. R. Civ. P. 72(a) (Doc. 51) is DENIED.

ENTERED this 11th day of April 2019.

                                                            s/ Michael M. Mihm
                                                            United States District Judge